UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIREMAN'S FUND INSURANCE                    CIVIL ACTION
COMPANY

VERSUS                                      NO:  05-2201-HGB-SS

RUTH LESLIE GOODMAN

## ORDER

DEFENDANT'S MOTION TO QUASH (Rec. doc. 20)

**DENIED**

The defendant, Ruth Goodman ("Goodman"), seeks an order quashing six subpoenas. The subpoenas were issued by the plaintiff, Fireman's Fund Insurance Company (Fireman's Fund"), to six banks. They seek all records relating to Goodman, Meagan McKinney, Inc. and Annabel Lee, L.L.C. from January 1, 1997 to date. Goodman contends that: (1) the information sought is not relevant to the parties' claims and defenses; (2) the subpoenas are overly broad; and (3) the subpoenas request confidential information related to non-parties.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Fireman's Fund alleges that: (1) on September 22, 2000, Goodman submitted an application for a homeowners insurance policy; (2)

attached to the application were two appraisals of diamond bracelets valued at $1,448,905.00 and $387,300.00; (3) it issued the policy with an endorsement for the bracelets; (4) on July 2, 2002, Goodman reported the bracelets stolen; (4) on October 10, 2002, Fireman's Fund paid Goodman $1,836,105.00; (5) it was notified that the Louisiana State Police were investigating Goodman's claim of theft of the bracelets; and (6) it learned Goodman was arrested for submitting a false claim. Fireman's Fund raised issues about the appraisal and her acquisition of the bracelets. It seeks to recover the insurance proceeds paid to her. Rec. doc. 1. She filed a counterclaim in which she contends that: (1) she provided all information sought by Fireman's Fund; (2) she was wrongfully arrested; and (3) the arrest was caused by misinformation submitted by Fireman's Fund to the authorities. Her causes of action include defamation, slander, libel and damage to her reputation. Rec. doc. 14.

   Goodman contends that Fireman's Fund seeks evidence that she purchased the bracelets, but instead of seeking evidence of one transaction, she argues that it improperly seeks all records from the six banks for nine years. She reported in her discovery responses that she purchased the bracelets in the early 1990s. She argues that the bank records from January 1, 1997 to date are not relevant because they post-date her purchase of the bracelets. This assertion directly conflicts with Goodman's testimony given on September 20, 2002. On that day she was sworn and responded to the questions of counsel for Fireman's Fund. The transcript demonstrates that she repeatedly testified that she purchased the two bracelets in 1998 at cost of about $300,000. Rec. doc. 25, Exhibit A at pp. 34-36. She reported that she purchased the bracelets in Switzerland before Christmas of 1998 because she was in New Orleans for Christmas in 1998. Id. at p. 37. After she

testified that she purchased the bracelets in 1998, the lawyer referred to that year as the year of purchase. Goodman did not correct him. Id. at pp. 38, 40, 41 and 43. She does not respond to this conflict between her testimony concerning the date of purchase and her discovery responses.[1] The request for records in 1997, 1998 and 1999 is relevant to the parties' claims and defenses.

Fireman's Fund contends that bank records at the time that Goodman made the claim in 2002 are relevant to demonstrate her financial condition and whether she needed the insurance proceeds to pay financial obligations. The records for 2000 to date are also relevant to the parties' claims and defenses.

Goodman testified that in 1998 she probably had ten bank accounts, including accounts at banks in Iceland, Canada, New York and New Orleans. Id. at pp. 38-39. Because of this testimony Fireman Fund's request for records at six banks was reasonable.

Meagan McKinney is the pseudonym that Gordon uses for romance novels written by her. She testified that she was incorporated under her pen name. Id. at p. 89. There is no evidence that the subpoenas seek information on unrelated parties.

IT IS ORDERED that Goodman's motion to quash (Rec. doc. 20) is DENIED.

New Orleans, Louisiana, this 24th day of May, 2006.



SALLY SHUSHAN
United States Magistrate Judge

---

[1] It is obvious that Fireman's Fund used January 1, 1997 for the subpoenas because of Goodman's September 2002 testimony. In the interest of candor to the Court one would expect that counsel for Goodman would address the conflict between her sworn testimony in 2002 and her discovery responses in this litigation.