UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 05-2201 |
| RUTH LESLIE GOODMAN | SECTION: "C" |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by defendant, Ruth Leslie Goodman ("Goodman") (Rec. Doc. 29). Defendant, Fireman's Fund Insurance Company ("Fireman's Fund") opposes the motion. The motion is before the Court on the briefs, and after oral argument. Having considered the memoranda of counsel, the record, and the applicable law the Court finds that there are no genuine issues of material fact regarding when Fireman's Fund knew or should have known about Goodman's alleged fraud or whether Fireman's Fund compromised its claims against Goodman. However, the Court finds that Fireman's Fund's quasi-contractual claims for unjust enrichment and payment of a thing not owed are pled in the alternative and not prescribed. Accordingly, Goodman's Motion for Summary Judgment is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED.**

I. **BACKGROUND**

On September 22, 2000, Goodman submitted an application for homeowner's insurance to Fireman's Fund. Attached to the application were two appraisals of diamond bracelets. The appraisals, which were done by Samuel Beizer & Associates, indicated that the bracelets were worth $387,000 and $1,448,905. Fireman's Fund accepted the appraisals and on May 29, 2001 endorsed the bracelets on Goodman's homeowner's policy for their appraised values, under the condition that Goodman notify Fireman's Fund any time the bracelets were removed from her bank vault.

Goodman's homeowner's policy was renewed on September 22, 2001 for the 2001 to 2002 term. This policy, which covered the bracelets, was in effect on July 2, 2002 when the bracelets were allegedly stolen. Goodman claims that the bracelets were in her purse when it was taken from her in the Dillard's parking lot at the Oakwood Mall in Jefferson Parish, Louisiana.

After the alleged theft, Goodman reported the incident to the mall security and the police. She also made a claim to Fireman's Fund under her insurance policy for the value of the bracelets. Fireman's Fund then conducted an extensive investigation. As part of this investigation, Fireman's Fund took Goodman's sworn statement and deposition and requested that she provide them with any documentation in her possession regarding the bracelets. During her deposition, Goodman claimed to have very little paperwork relating to the bracelets. Fireman's Fund also evaluated the appraisals. The insurer admitted that it has some "suspicions" regarding Goodman's claim. Rec. Doc. 38. However, Fireman's Fund paid Goodman the full appraised value of the bracelets after she threatened to sue the company if she did not receive payment on her claim.

Two years later, on September 20, 2004, an affidavit of probable cause was issued for Goodman's arrest. This affidavit accused her of insurance fraud in connection with claims she had made to her previous homeowner's insurance carrier, State Farm. Goodman was subsequently arrested on April 4, 2005 for her alleged insurance fraud in making the claim to Fireman's Fund in connection with the bracelets. Fireman's Fund then filed this lawsuit seeking reimbursement of the $1,836,105 it paid to Goodman on her allegedly fraudulent insurance claim. Fireman's Fund claims that it is due this money under theories of revendication, payment of thing not owed, unjust enrichment, fraud, breach of contract, conversion and/or misrepresentation.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

## III. ANALYSIS

In the case at bar, Goodman filed this motion for summary judgment asserting that Fireman's Fund's claims against her are all barred. Specifically, she argues that Fireman's Fund's tort claims for fraud, conversion and misrepresentation are prescribed because this action was filed more than one year from the time that Fireman's Fund knew or should have known about the alleged misconduct. Goodman argues that the breach of contract claim is barred by the terms of the insurance policy and the doctrine of settlement and compromise. Furthermore, she asserts that Louisiana law does not recognize Fireman's Fund's quasi-contractual claims for revendication, payment of thing not owed or unjust enrichment where plaintiff is suing pursuant to a contract.

Fireman's Fund disagrees with Goodman's analysis of its case. The insurer asserts that all of its claims are recognized under Louisiana law and that none of them are time barred or otherwise compromised. Fireman's Fund alleges that, although it had suspicions regarding the

4

veracity of Goodman's insurance claim on the bracelets, it had no reason to know of her alleged fraud until September 20, 2004, at the earliest, when the police swore an affidavit of probable cause on her. Thus, Fireman's Fund claims that it filed its suit well within the one year prescriptive period for any of its tort based causes of action. Furthermore, Fireman's Fund argues that it is not barred from suing Goodman for breach of contract. It asserts that any release that may have occurred by its paying Goodman's claims is null because fraud vitiates consent. Finally, Fireman's Fund argues that revendication, payment of thing not owed and unjust enrichment are all recognized under Louisiana law and pled in the alternative.

### 1. Delictual Obligations

Under Louisiana law, delictual obligations are subject to a liberative prescription of one year that begins to run from the day of the injury or damage. LA. CIV. CODE ANN. art. 3492 (West 2006). The day of the injury is the date when the victim had actual or constructive knowledge of the damage. *Campo v. Correa*, 828 So.2d 502, 510, 2001-2707 (La. 6/21/02), (citing *Percy v. State, E.A. Conway Memorial Hospital*, 478 So.2d 570 (La. App. 2 Cir. 1985)). A tort victim has constructive knowledge of the injury if there is enough notice to reasonably excite attention and put that party on guard to call for inquiry. *Id.* at 10-11. However, the tort victim's "mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence" that a tort had been committed. *Id.* at 11.

Here, Goodman submitted her application in September, 2000. Even prior to binding the insurance, Fireman's Fund received information from State Farm's attorney that Goodman had filed numerous prior insurance claims with them, including several of doubtful validity. Rec.

Doc. 29, Exh. I.  In one, Goodman claimed flood waters damaged antiques in her basement and then the antiques were stolen, a claim the Fireman Fund's employee characterized as "very clever, no way to verify damages." *Id.*  State Farm's lawyer also reported hiring investigators on other claims and finding that some of the appraisals submitted by Goodman were "very professionally done fakes." *Id.*  In other incidents, State Farm concluded Goodman had "dummied medical reports" in connection with personal injury claims.  Despite having this information, Fireman's Fund accepted the appraisal for the jewelry, charged and received a substantial premium and bound the insurance.  Not surprisingly under the circumstances, Fireman's Fund admits that it had "suspicions" regarding the validity of Goodman's claim in 2002 when the bracelets were allegedly stolen. See, Rec Doc. 38.  As a result, Fireman's Fund conducted an extensive investigation into the validity of the appraisal, including hiring their own appraiser who were critical of the one submitted by Goodman, and took a detailed examination under oath from Goodman. Rec. Doc. 29, Exh. G.  Goodman claims that Fireman's Fund's investigation and its "suspicions" indicate that it should have known of her alleged torts in 2002.  The appropriate relief Fireman's Fund could have pursued then was to deny the claim.  Instead, it elected to pay the claim.  As a result, the Court finds that Fireman's Fund's claims of fraud, misrepresentation and conversion are prescribed.

### 2. Breach of Contract

Goodman also claims that Fireman's Fund's breach of contract claim is prescribed. Under Louisiana law, personal actions, including actions based on a contract, prescribe ten years from the date that the action arises. LA. CIV. CODE ANN. art. 3499 (West 2006).  However, the parties are the masters of their agreement and can contract for some other prescriptive period.

6

Goodman claims that the insurance policy, a contract, provides for a one year prescriptive period for any claims arising out of the contract. However, Goodman admits that section of the policy which contains this clause is entitled "suit[s] against us." On its face, this indicates that this limitation only applies to actions by the insured against the insurer.

However, Goodman also tries to defeat Fireman's Fund's contract claim by arguing that the insurer compromised any actions against her when it paid her insurance claim. Under Louisiana law, an accord and satisfaction is a contract terminating a dispute between parties over obligations claimed due under a pervious contract. *U.S. v. Luwisch*, 1998 WL 830647, *2 (E.D.La 1998) (citing *U.S. v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997)). To have a valid accord and satisfaction there must be: (1) a disputed claim; (2) the debtor's tendering of a sum less than that claim by the creditor; and (3) the creditor's acceptance of the payment. *Id.* Also, there must be mutual consent to the formation of a contract of accord and satisfaction. *Id.*

Here, there was a disputed claim over whether or not Fireman's Fund owed Goodman the money for her insurance claim on the bracelets. The debtor, Fireman's Fund, tendered the full amount of the claim to Goodman. Goodman accepted this payment and in exchange refrained from pursuing any causes of action under Louisiana Revised Statutes § 22:658 and 1220 against Fireman's Fund for non-payment of her claim. There was a mutual consent in that Fireman's Fund offered the payment and Goodman accepted.

On the other hand, Fireman's Fund claims that there could not be an accord and satisfaction due to Goodman's alleged fraud. Under Louisiana law, fraud vitiates consent. LA. CIV. CODE ANN. art. 1948 (West 2006). However, Fireman's Fund suspected fraud, investigated it and elected to pay the claim, despite their suspicions. They did so purportedly to avoid a

7

claim of bad faith. Thus, the Court concludes that Fireman's Fund did compromise its claims against Goodman when it paid her insurance claim.

Furthermore, Fireman's Fund's claim for revendication is extinguished by accord and satisfaction. Louisiana Civil Code article 526 says that "[t]he owner of a thing is entitled to recover it from anyone who possesses or detains it without right and to obtain judgment recognizing his ownership and ordering delivery of the time to him." Here, Fireman's Fund is not the owner of the money it paid to Goodman. Goodman became the owner of that money when she received it from Fireman's Fund. Thus, Fireman's Fund does not have a claim for revendication.

### 3. Quasi-Contractual Claims

Finally, Goodman argues that Fireman's Fund's quasi-contractual claims against her are barred because there is an underlying contract. Specifically, Goodman argues that, payment of thing not owed and unjust enrichment are not recognized under Louisiana law where the plaintiff is suing pursuant to a contract. It is true that Fireman's Fund and Goodman had a contract, i.e. the insurance policy. However, Fireman's Fund's claims concern Goodman's alleged fraud which may have induced Fireman's Fund to pay Goodman under to the terms of the contract. Under Louisiana law, one set of facts may result in more than one cause of action. *Garcia v. American Bank and Trust Company*, 1988 WL 104825, *2 (E.D.La. 1988). Fireman's Fund's quasi-contractual causes of action for payment of thing not owed and unjust enrichment are alleged in the alternative to contract and/or tort claims. Therefore, the fact that there was a contract should not bar the plaintiff from asserting alternative causes of action.

Furthermore, the quasi-contractual claims of unjust enrichment and payment of a thing

not owed have a prescriptive period of ten years. *Id.* (citing, LA. CIV. CODE ANN. art. 3499; *State ex rel Guste v. Hiberts Estate*, 327 So.2d 698 (La. App. 1 Cir. 1976)). Fireman's Fund filed paid Goodman on her insurance claim in October of 2002. They filed this suit on June 9, 2005. Thus, Fireman's Fund filed its claims for unjust enrichment and payment of a thing not owed within the ten year prescriptive period.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Motion for Summary Judgment is hereby **PARTIALLY GRANTED AND PARTIALLY DENIED.**

New Orleans, Louisiana this 31st day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE