UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NUMBER: 05-2201 |
| RUTH LESLIE GOODMAN | SECTION: "C" (1) |

### ORDER AND REASONS[1]

Before the Court is a Motion for Summary Judgment filed by Plaintiff, Fireman's Fund Insurance Company ("FFIC"), to dismiss the counterclaim asserted by Defendant, Ruth Leslie Goodman ("Goodman"). (Rec. Doc. 66). In addition, Goodman has moved the Court to dismiss Plaintiff's Motion for Summary Judgment, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Rec. Doc. 77). The motions are before the Court without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court determines these issues as follows.

I. BACKGROUND

On June 9, 2005, FFIC filed a complaint in this Court, seeking the return of $1,836,000 dollars that it paid to Goodman on a claim for stolen diamond bracelets that FFIC subsequently claimed was fraudulent. (Rec. Doc. 1). FFIC stated that it believed the claim to be fraudulent

---

[1] Aaron A. Reuter, a second year law student at Tulane University Law School, assisted in the research and preparation of this decision.

1

after it assisted in an investigation by Robert Bennett ("Bennett"), Senior Trooper of the Louisiana State Police and Louisiana Insurance Fraud Unit, which ultimately led to Goodman's arrest. (Rec. Doc. 66-2, p. 2). Goodman filed a counterclaim against FFIC on March 24, 2006, averring damages as a result of Bad Faith, pursuant to La. Rev. Stat. § 22:1220, Breach of Contract, Bad Faith Breach of Contract, Defamation, Slander, Libel and Damage to Reputation. (Rec. Doc. 14). On June 19, 2007, this Court ordered a stay and administratively closed the case until December 31, 2007. (Rec. Doc. 57). The case was reopened on February 13, 2008. (Rec. Doc. 63). Additionally, the Bill of Information pending against Goodman in connection with the aforementioned arrest was recently quashed, settling pending criminal prosecution against her. (Rec. Doc. 77, p. 4).

FFIC argues, in the motion *sub judice*, that Goodman has not alleged facts sufficient to support her counterclaim. (Rec. Doc. 66-3, p. 4). Additionally, FFIC argues that Goodman's claims are barred by law under LA. REV. STAT. ANN. § 40:1425. (Rec. Doc. 66-3, p. 9). LA. REV. STAT. ANN. § 40:1425 provides that:

> B. There shall be no cause of action in the nature of defamation, libel, slander, invasion of privacy, negligence, or any other cause of action against any person furnishing information concerning any suspected, anticipated, or completed criminal or fraudulent insurance act . . . This immunity shall apply to furnishing, disclosing, or requesting information on such suspected fraudulent insurance acts to or from the [Insurance Fraud Investigation] unit . . .
>
> C. No Insurer, its officers or employees, or insurance professional, nor any other person shall be subject to such cause of action for cooperating with or furnishing evidence or information regarding any suspected criminal violation to the [Insurance Fraud Investigation] unit.
>
> D. This section shall not provide immunity for those disclosing or furnishing false information with actual malice or willful intent to injure any person.

LA. REV. STAT. ANN. § 40:1425 (2008). FFIC states that it was contacted by Bennett and complied with the Insurance Fraud Investigation Unit ("Unit"), making it immune from suit

under LA. REV. STAT. ANN. § 40:1425 unless Goodman can show that FFIC provided false information to Unit with actual malice or willful intent to injure her. (Rec. Doc. 66-3, p. 10). FFIC further submits that there is "clearly no evidence FFIC's § 40:1425 immunity should be nullified." *Id.*

Goodman argues that the Court should dismiss FFIC's motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Rec. Doc. 77, p. 4). Rule 56(f) provides that

> If a party opposing [a] motion shows by affidavit that, for specified reasons, it cannot present the facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f). In accordance with Rule 56(f), Goodman's counsel provided an affidavit in which he swore "that some of Goodman's counterclaims relate to information previously undiscoverable to both parties . . . In particular, discovery is required to address the origination and conduct of [Bennett's] investigation against Goodman and FFIC's participation therein." (Rec. Doc. 77-4, p. 2). Specifically, under LA. REV. STAT. ANN. § 44:3(A)(1), Goodman was barred from obtaining Bennett's investigative file because the statute exempts from public view a variety of information, including any files or records held by police departments pertaining to anticipated or pending criminal litigation. LA. REV. STAT. ANN. § 44:3(A)(1). Since the Bill of Information against Goodman was recently quashed, Goodman's counsel submits that further discovery should be allowed under Rule 56(f) in order to obtain "[a]t the very least a deposition of mall security at Oakwood mall" and Bennett's investigative file. (Rec. Doc. 77, p. 10).

II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

FED. R. CIV. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *see also*, *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

      The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-873 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

      When moving for a dismissal or continuance under Federal Rule of Civil Procedure 56(f), a party must present "specific facts explaining its inability to make a substantive response as required by Rule 56(e)."  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  In addition, the party must specifically demonstrate "how postponement of a ruling on the [underlying summary judgment] motion will enable [the party], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (internal quotations

omitted).  Thus, a party "may not simply rely on vague assertions that discovery will produce needed, but unspecified facts, particularly when ample time and opportunities for discovery have already lapsed." *Id.*

The Fifth Circuit has noted that Rule 56(f) motions are "broadly favored and should be liberally granted."  *Culwell v. City of Fort Worth,* 468 F.3d 868, 871 (5th Cir. 2006) (citing *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).  In *Wichita Falls Office Associates v. Banc One Corp.*, the Fifth Circuit refined Rule 56(f) determinations into a four (4) part test with the following general requirements: "(1) requesting extended discovery prior to the court's ruling on summary judgment; (2) put the trial court on notice that further discovery is being sought; and (3) demonstrating to the trial court specifically how the requested discovery pertains to the pending motion."  978 F.2d 915, 919 (5th Cir. 1992).  Fourth, the party must have diligently pursued discovery; Rule 56 does not aid those "who have occasioned their own predicament through sloth."  *Id.*

### III. LAW AND ANALYSIS

Initially, the Court notes the strength of FFIC's position with respect to immunity under LA. REV. STAT. ANN. 40:1425.  There is no case law surrounding the application of this provision; however, the statute is clear in stating that "no cause of action in the nature of defamation, slander, invasion of privacy, negligence, or any other cause of action against any person furnishing information" may be brought.  LA. REV. STAT. ANN. 40:1425.  Thus, all of Goodman's counterclaims appear to be barred, unless she can prove that FFIC "disclos[ed] or furnish[ed] false information with actual malice or willful intent to injure" her.  LA. REV. STAT. ANN. 40:1425.

As a result, Goodman asks the Court to allow additional discovery under Rule 56(f) to obtain a deposition of mall security at Oakwood Mall and Bennett's investigative file, which she claims she could not obtain prior to the Bill of Information being quashed.  While considering the persuasiveness of FFIC's immunity argument, the Court also recognizes that Rule 56(f) is to be liberally construed.  Such application of Rule 56(f) will allow Goodman the opportunity to discover the information relating to Bennett's investigative file that she maintains is essential to her opposition.  Though it seems unlikely that the discovered material would reveal information that would implicate FFIC's intentional and malicious divulgence of knowingly false information to Bennett, the Court finds that Goodman should have the opportunity to make full discovery.

IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that FFIC's Motion for Summary Judgment is DISMISSED WITHOUT PREJUDICE. (Rec. Doc. 66).

IT IS FURTHER ORDERED that FFIC's Motion for Summary Judgment may be re-filed when the parties have competed the necessary discovery to proceed with the case.

IT IS FURTHER ORDERED that Goodman's Motion to Dismiss pursuant to FED. R. CIV. P. 56(f) is GRANTED. (Rec. Doc. 77).

New Orleans, Louisiana, this 25th day of July, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE