UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NUMBER: 05-2201 |
| RUTH LESLIE GOODMAN | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by plaintiff, Fireman's Fund Insurance Company ("FFIC"), to dismiss the counterclaim asserted by defendant, Ruth Leslie Goodman ("Goodman"). (Rec. Doc. 83.) Defendant, proceeding pro se after the withdrawals of previous counsel, has not filed an opposition. The motion is before the Court without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court GRANTS plaintiff's motion as meritorious and dismisses defendant's counterclaim for the following reasons.

I. BACKGROUND

On June 9, 2005, FFIC filed a complaint in this Court, seeking the return of $1,836,000 dollars that it paid to Goodman on a claim for stolen diamond bracelets that FFIC subsequently claimed was fraudulent. (Rec. Doc. 1). Goodman filed a counterclaim against FFIC on March 24, 2006, averring damages as a result of bad faith, pursuant to La. Rev. Stat. § 22:1220; breach

1

of contract and bad faith breach of contract; and defamation, slander, libel and damage to reputation. (Rec. Doc. 14). On June 6, 2007, plaintiff filed a motion for summary judgment seeking dismissal of defendant's counterclaim. (Rec. Doc. 56). On June 19, 2007, this Court ordered a stay and administratively closed the case until December 31, 2007, thereby dismissing plaintiff's motion for summary judgment without prejudice. (Rec. Doc. 57). The case was reopened on February 13, 2008 and the motion for summary judgment was re-filed on April 1, 2008. (Rec. Doc. 63, 68). Hearing on plaintiff's motion for summary judgment was continued several times. (Rec. Doc. 71, 73). Additionally, the Bill of Information pending against Goodman in connection with her arrest for insurance fraud was *nolle prossed* on August 6, 2007. (Rec. Doc. 83-7.

FFIC argues that Goodman has not alleged facts sufficient to support her counterclaim. (Rec. Doc. 83-8 at 6.) Additionally, FFIC argues that Goodman's claims are barred by law under LA. REV. STAT. ANN. § 40:1425. (Rec. Doc. 83-8 at 12.)

II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *see also*, *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-873 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

III. LAW AND ANALYSIS

LA. REV. STAT. ANN. § 40:1425 provides that:

> B. There shall be no cause of action in the nature of defamation, libel, slander, invasion of privacy, negligence, or any other cause of action against any person furnishing information concerning any suspected, anticipated, or completed criminal or fraudulent insurance act . . . This immunity shall apply to furnishing, disclosing, or requesting information on such suspected fraudulent insurance acts to or from the [Insurance Fraud Investigation] unit . . .
>
> C. No Insurer, its officers or employees, or insurance professional, nor any other person shall be subject to such cause of action for cooperating with or furnishing evidence or information regarding any suspected criminal violation to the [Insurance Fraud Investigation] unit.
>
> D. This section shall not provide immunity for those disclosing or furnishing false information with actual malice or willful intent to injure any person.

LA. REV. STAT. ANN. § 40:1425 (2008). The Court has previously noted the strength of FFIC's position with respect to immunity under LA. REV. STAT. ANN. 40:1425. There is no case law

surrounding the application of this provision; however, the statute is clear in stating that "no cause of action in the nature of defamation, slander, invasion of privacy, negligence, or any other cause of action against any person furnishing information" may be brought. LA. REV. STAT. ANN. 40:1425.

The affidavits by Trooper Robert Bennett, an investigator into criminal conduct by defendant, and Thomas Petersnik, an employee of plaintiff, provide convincing evidence that plaintiff was contacted by Bennett and complied with the investigation, making it immune from suit under LA. REV. STAT. ANN. § 40:1425. (Rec. Doc. 83-5; Rec. Doc. 83-6.) Trooper Bennett states that <u>he</u> contacted plaintiff "relative to a claim made by" defendant. (*Id.* ¶ 7.) Trooper Bennett also states that plaintiff "did not first alert me to possibly wrongdoing" by the defendant. (*Id.* ¶ 8.). Attached to Thomas Petersnik's affidavit is a letter from Trooper Bennett requesting "any and all information regarding your insured, Ruth Goodman." (Rec. Doc. 83-6 at 4). Thus, all of Goodman's counterclaims appear to be barred, unless she can prove that FFIC "disclos[ed] or furnish[ed] false information with actual malice or willful intent to injure" her. LA. REV. STAT. ANN. 40:1425. Despite fair notice of the substance of plaintiff's motion for summary judgment since at least June 2007, when plaintiff filed the first motion, defendant has failed to submit any evidence of plaintiff's actual malice or willful intent to injure defendant. Accordingly, defendant's counterclaims are barred by LA. REV. STAT. ANN. 40:1425.

Even if the counterclaims were not subject to immunity under LA. REV. STAT. ANN. 40:1425, defendant has failed to provide <u>any</u> evidence to support her claims of bad faith, pursuant to La. Rev. Stat. § 22:1220; breach of contract and bad faith breach of contract; and defamation, slander, libel and damage to reputation. Nor does the record in this case otherwise contain any evidence supporting defendant's allegations that plaintiff provided "misinformation," that the

4

statements were "slanderous and libelous," that the insurance contract was breached, or that plaintiff acted in "bad faith." At best, the record only contains defendant's "unsubstantiated assertions," which is insufficient to defeat a motion for summary judgment.

The Court has continued hearing on the substance of plaintiff's motion on multiple occasions to allow the defendant additional time to conduct discovery or hire new counsel to defend her counterclaims. Defendant has failed to take those opportunities and accordingly, based on the facts presently before the Court, plaintiff's motion must be granted.

The Court also declines plaintiff's request to find that defendant's previous Rule 56 motion to dismiss plaintiff's motion for summary judgment was filed solely for delay. Defendant's previous attorney, in a memorandum supporting his withdrawal as counsel, summarized the development of a comprehensive discovery plan and indeed the setting of monthly discovery benchmarks. (Rec. Doc. 86). That the discovery has apparently not occurred due to financial difficulties is not synonymous with an intent to delay these proceedings.

IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is GRANTED (Rec. Doc. 83) and defendant's counterclaim is hereby DISMISSED WITH PREJUDICE. (Rec. Doc. 14). Plaintiff is not entitled to fees and costs associated with the re-filing of this motion.

New Orleans, Louisiana, this 7th day of April, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE